UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                v.                                                                               5:08-CR-61
                                                                           (FJS)

JAMES M. KERNAN, ROBERT J.
ANDERSON, and MARLENE M. KERNAN,

                Defendants.
_____

**APPEARANCES**                                                                **OF COUNSEL**

**OFFICE OF THE UNITED**                                            **EDWARD R. BROTON, AUSA**
**STATES ATTORNEY**
James Hanley Federal Building
& United States Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for the United States

**OFFICE OF JOHN A. MAYA**                                         **JOHN A. MAYA, ESQ.**
510 Bleecker Street
Utica, New York 13501
Attorneys for Defendant
Marlene M. Kernan

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

       In a fifteen-count Superseding Indictment, the Government charges Defendant Marlene M. Kernan with one count of insurance fraud in violation of 18 U.S.C. § 1033 (Count 13).[1]

---

[1] The Superseding Indictment also charges Defendant James Kernan with (1) one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 (Count 1); (2) five counts of mail fraud in violation of 18 U.S.C. § 1341 (Counts 2 through 6); (3) five counts of

(continued...)

Currently before the Court is Defendant Marlene Kernan's motion to dismiss Count 13 of the Superseding Indictment on the grounds that

> the Superceding Indictment is void of any allegations and assertions of overt acts on the part of Mrs. Kernan and more particularly that she "permitted" the participation of one Robert J. "Skip" Anderson . . . in the business of insurance of the Monument Agency, Inc.; that 18 U.S.C. § 1033(e)(1)(B) is unconstitutionally vague as applied to Mrs. Kernan; and that, therefore, the Superceding Indictment is insufficient on its face as it fails to set forth, *prima facie*, a violation by Mrs. Kernan of 18 U.S.C. § 1033(e)(1)(B).

*See* Unsworn Affidavit of John A. Maya dated February 9, 2009, at ¶ 3.

## II. BACKGROUND

Defendant Marlene Kernan is the President of Monument Agency, Inc. ("Monument"), which serves as an agency on behalf of Oriska Insurance Company ("Oriska"). Defendant James Kernan, Defendant Marlene Kernan's husband, is a licensed attorney and the owner and President of Oriska. Defendant Robert J. "Skip" Anderson, a three-time convicted felon, pled guilty to conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 and to being a convicted felon engaged in the business of insurance in violation of 18 U.S.C. § 1033(e)(1)(A).

The Government alleges that, in approximately April 2002, Defendant Anderson relocated from his home in California to Oriskany, New York, where he went to work for Oriska. Defendant James Kernan gave him an office at Oriska and introduced him to the employees as

---

[1](...continued)
wire fraud in violation of 18 U.S.C. § 1343 (Counts 7 through 11); (4) three counts of insurance fraud in violation of 18 U.S.C. § 1033 (Counts 12, 14 and 15); and (5) forfeiture allegations related to Counts 1 through 11.

Director of Operations.  At this time, both Defendant James Kernan and Defendant Marlene Kernan knew about Defendant Anderson's felony convictions.  Defendant Anderson worked for both Oriska and Monument and reported to both Defendant James Kernan and Defendant Marlene Kernan.  In exchange for Defendant Anderson's services, Defendant James Kernan and Defendant Marlene Kernan richly compensated him; however, they paid most of the compensation to Defendant Anderson's wife, Theresa Heinrich, who provided no goods or services to either Oriska or Monument but rather served as a conduit to receive payments intended for her husband.

### III. DISCUSSION

A.  **Count 13 of the Superseding Indictment**

Count 13 of the Superseding Indictment charges that

> From on or about April 22, 2002, through on or about July 6, 2005, in the Northern District of New York, the defendant,
>
> **MARLENE M. KERNAN**
>
> who was engaged in the business of insurance as President of Monument Agency, Inc., whose activities affected interstate commerce, did knowingly and willfully permit the defendant, Robert J. Anderson, an individual who had been previously convicted of a criminal felony involving dishonesty and breach of trust, namely
>
> (a) submitting a false financial statement for the purpose of influencing the action of the Napa Valley Bank concerning a loan and bankruptcy fraud, in violation of Title 18, United States Code, Section 1014 and 152, in United States District Court for the Northern District of California on or about December 9, 1988;
>
> (b) grand theft, in violation of Section 484/487(1) of the

>California Penal Code, in the Superior Court of California, County of Solano, on or about July 8, 1988; and
>
>(c) conspiracy and mail fraud, in violation of Title 18, United States Code, Sections 371 and 1341, in United States District Court for the Central District of California, on or about October 7, 1996;
>
>to engage and participate in such business of insurance.
>
>In violation of Title 18, United States Code, Section 1033(e)(1)(B).

*See* Superseding Indictment at Count 13, ¶ 31.

As noted, Defendant Marlene Kernan argues that the Court should dismiss Count 13 because § 1033(e)(1)(B) is void for vagueness as applied to her and because Count 13 is insufficient on its face. The Court will address each of these arguments in turn.

### B.   Void for vagueness

"The Due Process Clause of the Fifth Amendment requires that statutes clearly delineate the conduct they proscribe." *Humanitarian Law Project v. Mukasey*, 509 F.3d 1122, 1133 (9th Cir. 2007) (citation omitted). Although "due process does not 'require "impossible standards" of clarity,' . . . the 'requirement for clarity is enhanced when criminal sanctions are at issue . . . .'" *Id.* (internal quotations omitted). "In such cases, the statute 'must be sufficiently clear so as to allow persons of ordinary intelligence a reasonable opportunity to know what is prohibited.'" *Id.* (quotation omitted).

When a statute does not threaten First Amendment interests, the courts examine vagueness challenges "'in light of the facts of the case at hand . . . .'" *Arriaga v. Mukasey*, 521

F.3d 219, 223 (2d Cir. 2008) (quotation and other citation omitted). In deciding an as-applied vagueness challenge, the court employs a two-part test: (1) does the statute provide sufficient notice and (2) does the statute provide limits on the discretion of law enforcement authorities. *See id.* at 224 (citations omitted). With regard to the first factor, "'[t]he test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" *Id.* (quotation omitted). Furthermore, "[b]ecause the statute is judged on an as applied basis, one whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness." *United States v. Nadi*, 996 F.2d 548, 550 (2d Cir. 1993) (citations omitted).

Section 1033(e)(1)(B) provides that "[a]ny individual who is engaged in the business of insurance whose activities affect interstate commerce and who **willfully permits** the participation described in subparagraph (A) shall be fined as provided in this title or imprisoned not more than 5 years or both." 18 U.S.C. § 1033(e)(1)(B) (emphasis added).[2]

Even a cursory reading of this statute demonstrates that Defendant Marlene Kernan's assertion that § 1033(e)(1)(B) is unconstitutionally vague as applied to her is without merit. Her primary argument appears to be that, because the term "permit" can be construed to have both an

---

[2] Subparagraph (A) provides that

> [a]ny individual who has been convicted of any criminal felony involving dishonesty or a breach of trust, or who has been convicted of an offense under this section, and who willfully engaged in the business of insurance whose activities affect interstate commerce or participates in such business, shall be fined as provided in this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1033(e)(1)(A).

"active" and a "passive" definition, a person of reasonable intelligence could not know what behavior the statute proscribes. This argument completely ignores the word "willfully," which describes the term "permit," thereby indicating that the individual must "knowingly" or "actively" permit one who has been convicted of a felony involving dishonesty or a breach of trust to participate in the business of insurance. Furthermore, the statute, as well as Count 13 of the Superseding Indictment, requires that Defendant Marlene Kernan "knowingly" and "willfully" permitted Defendant Anderson, who is a three-time felon, to participate in Monument's insurance business.

### C.     Sufficiency of Count 13

Rule 7(c)(1) of the Federal Rules of Criminal Procedure requires that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Furthermore, "'[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which [s]he must defend, and, second, enables [her] to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Calhelha*, 456 F. Supp. 2d 350, 356-57 (D. Conn. 2006) (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974)) (other citation omitted). Generally, it is "'sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly . . . set forth all the elements necessary to constitute the offence intended to be punished.'" *Id.* at 357 (quoting *Hamling*, 418 U.S. at 117, 94 S. Ct. 2887). Finally, "'the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an

indictment.'" *Id.* (quoting *Alfonso*, 143 F.3d at 776-77 (reversing dismissal of an indictment when the district court "looked beyond the face of the indictment and drew inferences as to the proof that would be introduced by the government at trial" to satisfy an element of the charge); *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397 (1956) (If "valid on its face," a grand jury indictment "is enough to call for trial of the charge on the merits.")).

      Applying these legal principles, the Court concludes that Count 13 of the Superseding Indictment is clearly sufficient to withstand a motion to dismiss. Count 13 tracks the language of § 1033(e)(1)(B) and contains all of the elements of the offense; i.e., that Defendant Marlene Kernan is engaged in the business of insurance, that the activities of that business affect interstate commerce, and that Defendant Marlene Kernan willfully permitted Defendant Anderson, an individual who had been convicted of a criminal felony involving dishonesty or a breach of trust, to participate in that business. In addition, in spite of Defendant Marlene Kernan's assertion to the contrary, Count 13 specifically states the time frame – April 22, 2002 through July 6, 2005 – in which she allegedly committed the crime with which she is charged. Finally, and most importantly for due process purposes, Count 13 informs Defendant Marlene Kernan of the crime against which she must defend and enables her to plead an acquittal or conviction in bar of any future prosecution for the same offense.[3] *See Calhelha*, 456 F. Supp. 2d at 356-57 (quotation and other citation omitted).

---

[3] The Court notes that Defendant Marlene Kernan's arguments in support of her motion to dismiss in effect challenge the Government's ability to prove that she is guilty of the crime with which she is charged. The Government has not made a full proffer of its evidence, nor is it required to do so at this stage of the proceedings. Therefore, the Court cannot look beyond the face of the Superseding Indictment and draw the inferences that Defendant Marlene Kernan would have the Court draw to prove an element of the charge. *See Calhelha*, 456 F. Supp. 2d at 357 (quoting *Alfonso*, 143 F.3d at 776-77) (other quotation omitted).

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Marlene Kernan's motion to dismiss Count 13 of the Superseding Indictment is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 7, 2009
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge